IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAMIRO MARQUEZ-DURAN,<br><br>                Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY JAIL et al.,<br><br>                Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENCIES IN COMPLAINT**<br><br>Case No. 2:16-CV-805-CW<br><br>District Judge Clark Waddoups |

      Plaintiff, Ramiro Marquez-Duran, a Texas inmate, filed this *pro se* civil-rights suit. *See* 42 U.S.C.S. § 1983 (2017). Plaintiff proceeds *in forma pauperis*. *See* 28 *id.* 1915. After reviewing the Complaint, (Docket Entry # 4), the Court has determined that Plaintiff's Complaint is deficient as described below.

## Deficiencies in Complaint

Complaint:

(a) improperly names Salt Lake County Jail as a defendant, though it is not an independent legal entity that can sue or be sued.

(b) appears to state claim in violation of municipal-liability doctrine (see below).

(c) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**Instructions to Plaintiff**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff must consider these points before refiling his complaint: First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of any prior complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each named defendant's personal participation is

essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Further, to establish the liability of a municipal entity, such as Salt Lake County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of Salt Lake County. Thus, the Court concludes that Plaintiff's Complaint, as it stands, appears to fail to state claims against this county or its subdivisions (e.g., Salt Lake County Jail).

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this Order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 20th day of June, 2017.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge