IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAMIRO MARQUEZ DURAN,<br><br>        **Plaintiff,**<br><br>vs.<br><br>SGT. COLBERT ET AL.,<br><br>        **Defendants.** | MEMORANDUM DECISION &<br>ORDER DENYING MOTION FOR<br>SUMMARY JUDGMENT AND<br>REQUIRING SUPPLEMENTAL<br>BRIEFING<br><br>Case No. 2:16-cv-805<br><br>Judge Clark Waddoups |

  Before the court is Defendant Sgt. Colbert's Motion for Summary Judgment (ECF No. 62), which asks the court to grant summary judgment on Plaintiff Ramiro Marquez Duran's claim that Sgt. Colbert violated his constitutional rights by using slurs and applying excessive force against him while he was being held at Salt Lake County Jail.  (*See* Amend. Compl., ECF No. 18.)  For the reasons stated herein, Sgt. Colbert's motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

  On November 14, 2013, Plaintiff was arrested and booked into the Salt Lake County Jail (the "Jail").  Sgt. Colbert is a deputy sergeant at the Jail and is a supervisor who is usually assigned to work the processing area.  (ECF No. 58 at 2–3).  Plaintiff was placed into a holding cell at the Jail along with other inmates, but due to his alleged disruptive behavior, deputies at the Jail decided to move him to another cell.  (*Id*.).  Plaintiff allegedly refused to comply with commands to come forward to the cell door and be handcuffed, and deputies deployed pepper spray into face.  (*Id*.).  After the spray was deployed, deputies began filming their continued interaction with Plaintiff, and a copy of that video has been provided to, and reviewed by, the

court. (ECF No. 61). Plaintiff continued to ignore the deputies' commands to come forward and be handcuffed, and the Mobile Critical Incident Response Team (the "MCIRT") was called and entered Plaintiff's cell to cuff and remove him. (ECF No. 58 at 2–3; ECF No. 61). Plaintiff was injured through his struggle with MCIRT, as he struck his head on either the floor or toilet. (*Id.*). According to Jail records, these events occurred around 2210 hours. (*See* ECF No. 58 at 2–3).

Once MCIRT had secured Plaintiff through cuffing and shackling, deputies summoned medical staff who treated Plaintiff's injuries, and Plaintiff was then transported to St. Mark's hospital. (ECF Nos. 58 at 3; ECF No. 61). The events that culminated in Plaintiff being injured and transported to St. Marks Hospital will herein be referred to as the "Incident." Plaintiff spent three nights at St. Mark's and was returned to the Jail on the evening of November 16, 2013. (ECF No. 58-6). He was thereafter released to ICE custody on November 21, 2013. (ECF No. ECF No. 58-4 at 2). Plaintiff is currently in the custody of the Federal Bureau of Prisons.

Plaintiff, through his Amended Complaint and a number of submitted affidavits, alleges that Sgt. Colbert was present for, and participated in, the Incident. (*See, e.g.*, ECF Nos. 18, 79). Sgt. Colbert refutes these allegations and asks the court to grant his summary judgment on the basis that he was not present for, and did not participate in, the Incident and because the force used against Plaintiff was, as a matter of law, not excessive. In support of these arguments, Sgt. Colbert offers jail reports, an affidavit, and a video that shows a portion of the Incident.

## SGT. COLBERT'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A material fact is one that may affect the outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of

showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Id.* The court must "view the evidence and draw reasonable inferences therefrom in a light most favorable to the nonmoving party." *Commercial Union Ins. Co. v. Sea Harvest Seafood Co.*, 251 F.3d 1294, 1298 (10th Cir. 2001). Here, summary judgment is improper, as questions of material facts exist as to whether Sgt. Colbert was present for or participated in the incident and whether the use of force against Plaintiff was excessive.

### A. Questions of material fact exist as to whether Sgt. Colbert was present for and/or participated in the Incident.

Sgt. Colbert asserts that he was not present for, and could not therefore have participated in, the Incident because his shift ended before the incident occurred. In support of this assertion, Sgt. Colbert submits a video (ECF No. 61), affidavit (ECF No. 58-3), and jail records (ECF Nos. 58-2 and 58-4).[1] When viewed in the light most favorable to Plaintiff, none of these offerings, alone or in concert, conclusively establishes that Sgt. Colbert was not present for any of, or involved in any way with, the Incident.

The video does not document which officers were present during the incident, as it is focused on, and primarily only shows, Plaintiff. While different officers occasionally appear in the footage, and different officers' voices can be heard talking even when only Plaintiff is depicted, it does not establish which officers were present, let alone prove which were not. As

---

[1] While the court notes that these assertions stand in direct contrast to allegations Plaintiff makes in numerous affidavits, and specifically those presented in his recent "Affidavit in Support of the Opposition for Summary Judgment" (ECF No. 79), pursuant to Rule 56(c)(1)(A), because those "affidavits" are not submitted under the penalty of perjury, they are insufficient to raise genuinely disputed issues of fact in order to defeat Sgt. Colbert's motion for summary judgment. Although Plaintiff proceeds *pro se*, he must still "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*quoting Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

such, it cannot be viewed as establishing that Sgt. Colbert was not present during the Incident. Moreover, the video begins *after* Plaintiff was pepper sprayed. Thus, even if it could be viewed as an accurate depiction of which officers were present during the MCRIT encounter, it cannot speak as to whether Sgt. Colbert was present for the use of pepper spray or the alleged use of racial slurs against Plaintiff. The video therefore fails to establish that Sgt. Colbert was neither present for, nor participated in, the Incident.

Sgt. Colbert's Affidavit, and the logs attached thereto and submitted therewith, are equally ineffective to prove that he was absent for the Incident. In the affidavit, Sgt. Colbert declares that he has "reviewed the Officer Logs" for the date of the incident and that they "indicate that from 2140 to 2200 hours I was engaged in a shirt briefing with Sergeant Pugh." (ECF No. 58-3 at ¶ 3). This statement is ineffective to conclusively prove that Sgt. Colbert did not participate in the Incident for three reasons. First, it only represents what the attached logs state but fails to corroborate, and attest to, the accuracy of the information provided by those records—that he did, in fact, participate in briefing between 2140 to 2200 hours and therefore could not have been present at the incident. Stated otherwise, the Affidavit is not "made on personal knowledge" and cannot therefore be used to support a motion for summary judgment. *See Taylor v. Principi*, 141 F. App'x 705, 707 (10th Cir. 2005) (quotations and citations omitted). Second, the logs that Sgt. Colbert attaches to his Affidavit state that the briefing occurred at 2145, not 2140. While such a contradiction may seem minor on its face, because Sgt. Colbert relies on the timeline of his briefing to show that he could not have participated in the simultaneously-occurring Incident, even a discrepancy of five minutes is material here. Third, the affidavit is silent as to when Sgt. Colbert left the Jail. While the logs indicate that his shift ended at 2200, there remains the possibility that Sgt. Colbert ended his shift at 2200 but

remained, and was present for and potentially participated in, the Incident at 2210. The court is required to consider this possibility, and any reasonable inference drawn therefrom, in a light most favorable to Plaintiff.

Finally, the jail records do not conclusively establish when the Incident occurred, as they do not establish a complete timeline that chronicles the times that Plaintiff first allegedly began being disruptive, when he was first ordered to be handcuffed, when he was pepper sprayed, and when MCRIT entered the cell. Indeed, it is unclear from the records which of the events is reported to have occurred at 2210. As discussed, these details are crucial given the close proximity between the incident and the conclusion of Sgt. Colbert's shift (and his presumed departure), and their absence creates a genuine question of material fact. Further, even if the court were to assume, which would be improper to do on a motion for summary judgment, that the entire Incident began at 2210, as discussed above, this does not mean that Sgt. Colbert was not there, as the evidence before the court does not show when Sgt. Colbert left the Jail on the date in question.

### B. **Questions of material fact exist as to whether the force used against Plaintiff was excessive.**

Sgt. Colbert argues that the video (ECF No. 61) establishes that the use of force here was as a matter of law reasonable, as Plaintiff was engaging in disruptive behavior and refusing commands. But, as discussed above, the video begins *after* Plaintiff had already been pepper sprayed. Thus, the court has not seen, and cannot evaluate, Plaintiff's alleged disruptive behavior, his initial failure to comply with orders, or defendants' first use of force. As such, genuine questions of fact remain as to these issues, and the court cannot determine, as a matter of law, that defendants' use of force was not excessive.

## SUPPLEMENTAL BRIEFING IS REQUITRD TO ADDRESS WHETHER PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES

In his Amended Answer to Plaintiff's Amended Complaint (ECF No. 50), Sgt. Colbert argues, as an affirmative defense to Plaintiff's allegations against him, that Plaintiff has failed to exhaust his administrative remedies. (ECF No. 50 at 7). The Prison Litigation Reform Act requires that a plaintiff who is "confined in any jail, prison, or other correctional facility" to exhaust his administrative remedies before bringing an action "with respect to prison conditions under section 1983." *See* 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Kikumura v. Osagie*, 461 F.3d 1269, 1281 (10th Cir. 2006). As such, Plaintiff was required to exhaust his administrative remedies before asserting his complaint in this action. However, Sgt. Colbert bears the burden of establishing that Plaintiff failed to exhaust those remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

In its September 20, 2018 Order denying his motion to dismiss, this court directed Sgt. Colbert, if he "wishes to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies." to "within 90 days, prepare and file a *Martinez* report limited to the exhaustion issue" and then "within 120 days, file a separate summary judgment motion." (ECF No. 48 at 2). In response to this order, on December 19, 2018, Sgt. Colbert filed a *Martinez* report in which he asserted, among other things, that jail policies required Plaintiff to file a grievance within 30 days. (*See* ECF No. 58 at 4–5; ECF No. 58-5 at 15–16). Sgt. Colbert's motion for summary judgment did not, however, include assertions that Plaintiff failed to exhaust his administrative remedies.

6

Generally, the court would view Sgt. Colbert's failure to pursue this affirmative defense as a waiver of the same. However, because Plaintiff is proceeding without payment of fees under the IFP Statute, the court is required to "dismiss [this] the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, if it is true that Plaintiff failed to exhaust his administrative remedies in this case, the court is required to dismiss his claim. The record before the court, however, is insufficient to allow it to determine whether Plaintiff complied with, and more specifically whether he had the opportunity to comply with, the Jail's administrative remedy procedures. As such, Sgt. Colbert is **HEREBY ORDERED, WITHIN 30 DAYS,** to submit to the court supplemental briefing that addresses whether Plaintiff complied with, and received a full and fair opportunity to comply with, the Jail's administrative remedy procedures. Sgt. Colbert is directed to address, through proper support, at least the following in his supplement briefing:

1. Whether Plaintiff was specifically provided with, and whether Plaintiff actually received, a copy of the applicable jail grievance procedures

2. Whether those procedures were provided to Plaintiff in his native language

3. What facilities and resources were made available to Plaintiff when he was released to ICE custody on November 21, 2013

4. Whether facilities and resources that were available to Plaintiff while he was in ICE custody permitted him to comply with the jail grievance procedures and submit a grievance

7

## **CONCLUSION**

For the reasons stated herein, Defendant Sgt. Colbert's Motion for Summary Judgment (ECF No. 62) is **DENIED**, and as instructed herein, Defendant is **ORDERED TO SUBMIT SUPPLEMENTAL BRIEFING**.  Pursuant to this order, Plaintiff's motion for hearing (ECF No. 66) is **DENIED AS MOOT**.

Further, the court notes that on September 20, 2018—over eighteen months ago Defendant Shupe was found to be with a different agency than originally identified by Plaintiff (ECF No. 48), but Plaintiff has failed to locate or continue to pursue claims against Defendant Shupe.  As such, and pursuant to DUCivR 41-2, the court finds that Defendant Shupe is **DISMISSED** from this action for failure to prosecute.

After the court receives from Sgt. Colbert the supplemental briefing ordered herein and reviews the same, it shall determine the manner by which this case shall proceed.  As such, it reserves ruling on Plaintiff's Second Motion for Appointed Counsel (ECF No. 52) and his Motion to Appoint Pro Bono Counsel (ECF No. 80) until it conducts such review.  Plaintiff is instructed not to submit any additional filings until he is instructed to do so by the court, and the Clerk's Office is ordered to return to sender any filings that Plaintiff attempts to make before such permission is granted to Plaintiff.

DATED this 20th day of April, 2020.

BY THE COURT:

_____
Clark Waddoups
United States District Court