## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **RAMIRO MARQUEZ DURAN,**<br><br>     **Plaintiff,**<br><br>  **vs.**<br><br>**SGT. COLBERT ET AL.,**<br><br>     **Defendants.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No. 2:16-cv-805**<br><br>**Judge Clark Waddoups** |

By Memorandum Decision entered on April 21, 2020, (the "Order") the court denied without prejudice Defendant Sgt. Colbert's Motion for Summary Judgment. (ECF No. 82). The Order directed Sgt. Colbert to "submit to the court supplemental briefing that addresses whether Plaintiff complied with, and received a full and fair opportunity to comply with, the Jail's administrative remedy procedures." (ECF No. 82 at 7). Sgt. Colbert was specifically directed to address at least four issues in his supplement briefing: 1) whether Plaintiff was specifically provided with, and actually received, a copy of the applicable jail grievance procedures; 2) whether those procedures were provided to Plaintiff in his native language; 3) what facilities and resources were available to Plaintiff when he was released to ICE custody; and 4) whether the facilities and resources available to Plaintiff in ICE custody permitted him to comply with the jail grievance procedures and submit a grievance. (*Id*.). Sgt. Colbert timely filed his supplemental brief (the "Supplemental Brief") on May 20, 2020. (ECF No. 83). Having reviewed the Supplemental Brief, and for the reasons stated herein, the court **AFFIRMS** its denial of Defendant Sgt. Colbert's Motion for Summary Judgment. (*See* ECF No. 82).

Attached to the Supplemental Brief is an affidavit of Lieutenant Kathy Berrett that, relevant to the first two issues, represents that "Prisoner Grievance Forms are available from the housing officers' workstation in each housing unit and that "English and Spanish copies of the Prisoner Handbook are kept at the house officers' workstation in each housing unit for prisoners to review." (*See* ECF No. 83-1 at ¶¶ 6, 7). The Supplemental Brief also states, without the support of an affidavit, that "the procedure was available to Mr. Marquez Duran," that Mr. Duran "was informed of the grievance procedure shortly after the alleged incident that gave rise to his Complaint," and that "[t]he policy itself was laminated and posted on the wall of his housing unit." (ECF No. 83 at 4).

In response to the third and fourth issues Sgt. Colbert's was ordered to address, the Supplemental Brief states that "[a]fter Mr. Marquez Duran was released to the custody of Immigration, [the grievance forms] were not as readily accessible as they were to him during his incarceration at the jail" but that "they were always available to him upon written request pursuant to the Utah Government Records Access and Management Act." (ECF No. 83 at 4–5). Sgt. Colbert then states that "[t]he facilities and resources necessary to request the materials and then submit the grievance are ostensibly comparable to those utilized by Mr. Marquez Duran at the U.S. Penitentiary in Atwater, California, to file his complaint in the present action." (ECF No. 83 at 5). Again, these statements are not supported by affidavit.

As the court recognized in the Order, the question of whether Mr. Duran failed to exhaust his administrative remedies is relevant to the court's duty under the IFP Statute to determine whether the action "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As further noted in the Order, Sgt. Colbert bears the burden of establishing that Plaintiff failed to exhaust those remedies. *See Roberts v. Barreras*, 484 F.3d 1236, 1241

(10th Cir. 2007).  The Supplemental Brief fails to meet that burden, as Sgt. Colbert's

unsupported representations do not allow the court to determine that Plaintiff had a full and fair

opportunity to comply with the Jail's administrative remedy procedures.  As such, the court is

not required to dismiss Plaintiff's motion on the basis that he failed to exhaust his administrative

remedies.

Having resolved Sgt. Colbert's motion for summary judgment and determined that, *at

this time*, this action does not require dismissal under the IFP statute, the court determines that

this case should proceed to discovery.  Before the court are two Motions to Appoint *Pro-Bono*

Counsel filed by Mr. Duran (ECF Nos. 80, 52).  Pursuant to 28 U.S.C. § 1915(e)(1), the court

"may request an attorney to represent any person unable to afford counsel."  Further, the Tenth

Circuit has acknowledged "that if it is apparent to the district court that a pro se litigant has a

colorable claim but lacks the capacity to present it, the district court should appoint counsel to

represent him."  *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991) (internal quotations and

citations omitted).  That Mr. Duran's claim has survived a motion to dismiss and a motion for

summary judgment shows it is colorable.  (*See* ECF Nos. 48, 82).  Although Mr. Duran has

successfully advanced his claim to this point, it is apparent that he does not have the capacity to

continue to present his claims or conduct discovery.  As such, the court determines that counsel

should be appointed to represent Mr. Duran and therefore **GRANTS** Mr. Duran's Motions to

Appoint *Pro-Bono* Counsel (ECF Nos. 80, 52).

Finally, and pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, the

court **ORDERS** that within **sixty (60) days** of pro bono counsel making an appearance in this

matter, the parties shall meet and confer and do one of the following:

1.  File a jointly signed Attorney Planning Meeting Report and also email a stipulated Proposed Scheduling Order in word processing format to the chambers of the assigned magistrate judge (or district judge if a magistrate judge is not assigned); or

2.  If the parties cannot agree on a Proposed Scheduling Order, plaintiff must file a jointly signed Attorney Planning Meeting Report detailing the nature of the parties' disputes and must also file a stipulated Motion for Initial Scheduling Conference; or

3.  If the parties fail to agree on an Attorney Planning Meeting Report or on a stipulated Motion for Initial Scheduling Conference, plaintiff must file a Motion for Initial Scheduling Conference, which must include a statement of plaintiff's position as to the schedule. Any response to such a motion must be filed within seven (7) days.

DATED this 15th day of July, 2020.

BY THE COURT:

_____

Clark Waddoups
United States District Court