THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RAMIRO MARQUEZ-DURAN,<br><br>                      Plaintiff,<br><br>v.<br><br>BRADLEY JOHNSON, SERGEANT; ERIC BENNETT, OFFICER; CAMERON ST. LOUIS, OFFICER; TY THORTON, OFFICER; and NATALEE LAUGHLIN, OFFICER,<br><br>                      Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO AMEND**<br><br>Case No. 2:16-cv-00805-DBB<br><br>District Judge David Barlow |

Plaintiff Ramiro Marquez-Duran ("Plaintiff"), formerly incarcerated by Salt Lake County ("SLC"), filed this *pro se* civil-rights suit, *see* 42 U.S.C. § 1983, proceeding *in forma pauperis*, *see* 28 *id.* § 1915. Plaintiff now moves for leave to file a third amended complaint ("TAC"). (ECF No. 150.)

On March 31, 2023, the court[1] granted (a) Defendant SLC's motion to dismiss on the basis that—as to SLC—Plaintiff failed to state a claim upon which relief may be granted and (b) the motion to dismiss—as to the five individual SLC defendants[2]—on the basis of insufficient service. (ECF Nos. 106, 128, 148.) Still, the court screened the Second Amended Complaint ("SAC"), (ECF No. 105), and ordered service upon the five individual SLC defendants, (ECF

---

[1] This case was transferred from Judge Clark Waddoups to the undersigned judge on October 10, 2023. ECF No. 162.
[2] Defendants Sergeant Bradley Johnson, Officer Eric Bennett, Officer Cameron St. Louis, Officer Ty Thorton, and Officer Natalee Laughlin.

1

No. 148.) Two weeks later, Plaintiff responded to this Order by filing a notice of intent to seek leave to file another amended complaint. (ECF No. 149.) After another two weeks, Plaintiff then moved for leave to file his TAC, asserting that it cures the deficiencies in the SAC's claims against SLC, and dropping three of the individual SLC defendants: Officer Cameron St. Louis, Officer Ty Thorton, and Officer Natalee Laughlin. (ECF No. 150). Defendants responded that the court's granting of the Motions to Dismiss, together with Plaintiff's motion for leave to amend (which Defendants characterized as Plaintiff "abandon[ing] the [SAC][,]" ECF No. 152, at 2), operated to render this action closed, and therefore Plaintiff must first move to set aside the action's closure before moving to amend. (ECF Nos. 151–53.)

But this is incorrect. The court's Order granting the Motions to Dismiss specifically stated: "[T]his case survives this Order." (ECF No. 148.) Indeed, that very same Order determined that the SAC must be served upon the five individual SLC defendants. (*Id.*) Further, the court's dismissal of the SAC was expressly made without prejudice, and no judgment in the case was entered. For all of these reasons, the case survived the dismissal of the SAC. (ECF No. 148.) This case was never closed, so Plaintiff did not need to seek to have it reopened.

The deadline for amending pleadings has passed. (ECF No. 93.) Because Plaintiff now seeks leave to file a TAC, he "*must* show good cause" to do so under Federal Rule of Civil Procedure 16(b)(4). *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022). This "'good cause' standard for amending deadlines in a scheduling order is 'arguably [a] more stringent standard than the standards for amending a pleading under Rule 15.'" *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021) (citation omitted). In short, "the movant [must] show

2

the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019) (citation omitted).

Plaintiff acted timely given the circumstances in moving for leave to file his TAC. Before expiration of the scheduling deadline, Plaintiff moved for leave to file the SAC. (ECF No. 101.) The court granted the motion and Plaintiff filed his SAC on September 8, 2021. (ECF No. 105.) Defendants promptly moved to dismiss the SAC, (ECF No. 106), and the court granted the motion on March 31, 2023, (ECF No. 148.) Within two weeks of the court's decision, Plaintiff indicated his intent to pursue a TAC. (ECF No. 149.) He then filed the corresponding motion less than two weeks later. (ECF No. 150.) Accordingly, the facts persuade the court that good cause exists to modify the original litigation schedule, (ECF No. 93.) *See* Fed. R. Civ. P. 16(b)(4). Plaintiff's next hurdle is Rule 15 of the Federal Rules of Civil Procedure.

Defendants do not substantively engage with the proposed TAC or Rule 15. (ECF Nos. 150–53.) Meanwhile, Plaintiff's Motion for Leave to File Third Amended Complaint addresses the factors to be considered in determining whether to allow an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (listing factors of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within

3

the discretion of the trial court[.]" *Zokari v. Gates*, 561 F.3d 1076, 1087 (10th Cir. 2009) (citation omitted).

To that end, Plaintiff persuasively argues that prejudice to SLC is limited because SLC has already been a defendant, it is fully aware of the facts and issues involved, and it has had a chance to participate in discovery; that the request for amendment is not the result of undue delay because Plaintiff seeks only to conform his pleading to evidence revealed during timely discovery; and that Plaintiff's good faith is shown in part by his decision to drop claims against several individual defendants in his proposed TAC. Additionally, Plaintiff argues that his proposed TAC attempts to address deficiencies in the SAC. Defendants do not examine these changes and the court cannot readily conclude that the proposed changes are futile. (ECF No. 150.) For these reasons, the court exercises its discretion to grant Plaintiff's motion to amend and file the Third Amended Complaint. (ECF No. 150.)

Having now screened the TAC under its statutory review function, (ECF No. 150-1), the court concludes that official service of process is warranted. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Under Federal Rule of Civil Procedure 4(d)(1), the court therefore requests waiver of service from these SLC defendants:

> **Salt Lake County**
> **Bradley C. Johnson**
> **Eric Bennett**

**IT IS ORDERED** that:

(1) **Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED. (ECF No. 150.) The Clerk of Court shall file the proposed Third Amended Complaint. (ECF No. 150-1.)**

(2) The Clerk of Court shall mail Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; copies of Waiver of the Service of Summons, AO form 399; and copies of the Third Amended Complaint, (ECF No. 150-1), and this Order to:

> **Salt Lake County**
> **Ms. Carita Lucey**
> **2001 S. State Street, Suite S2700**
> **Salt Lake City, UT 84190**

**(3)** Defendants are cautioned that Federal Rule of Civil Procedure 4 requires Defendants to cooperate in saving unnecessary costs of serving summons and complaint. Under Rule 4, if Defendants fail to waive service of summons, after being asked by the court to do so on Plaintiff's behalf, Defendants must bear service costs unless good cause be shown for failing to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the day the waiver is filed, except that Defendants need not file an answer until **60 days** from the date on which the waiver request was sent. *See* Fed. R. Civ. P. 4(d)(3). (This allows longer time to respond than would be required if formal service of summons is necessary.) Defendants must read the statement at the bottom of the waiver form that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons, but before Defendants have been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

5

**(4)** For every defendant for whom service has been ordered but for whom a waiver has not been executed, attorneys for defendant must file a notice listing the defendant for whom service has not been waived and the reasons a waiver has not been provided. This report is due **30 days** from the date the Request was sent.

**(5)** Defendants shall answer the complaint, observing the Federal Rules of Civil Procedure and the following litigation schedule:

> **(a)** If Defendants assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,
>
>> **(i)** within **60 days** of date of waiver request, file an answer;
>>
>> **(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report[3] limited to the exhaustion issue; and,
>>
>> **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

---

[3] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).
 In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

   **(b)** If Defendants challenge the complaint's allegations, Defendants shall, within **60 days** of date of waiver request, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

   **(c)** If Defendants choose instead to respond to the complaint's allegations, Defendants must,

     **(i)** within **60 days** of date of waiver request, file an answer;

     **(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report addressing the complaint's substance; and,

     **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

   **(d)** If Defendants seek relief otherwise contemplated under procedural rules, Defendants must file an appropriate motion within **90 days** of filing an answer.

 **(6)** Plaintiff may, within **30 days** of its filing, respond to the *Martinez* report if desired.

 **(7)** Plaintiff must, within **30 days** of its filing, respond to a motion to dismiss or summary-judgment motion.

 **(8)** Defendants shall file a reply brief within **14 days** after the date Plaintiff's opposition is filed.

 **(9)** A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the court so orders at a later date.

**(10)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **14 days** before the deadline to be extended.

**(11)** A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the court so orders at a later date.

Signed November 14, 2023.

BY THE COURT

_____
David Barlow
United States District Judge