THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RAMIRO MARQUEZ-DURAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY, a Utah municipal entity; SGT. BRADLEY C., JOHNSON, in his individual capacity; OFFICER ERIC BENNETT, in his individual capacity; OFFICER CAMERON ST. LOUIS, in his individual capacity; OFFICER TY THORTON, in his individual capacity; OFFICER NATALEE LAUGHLIN, in her individual capacity,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [167] MOTION TO STRIKE PHOTOGRAPHS FROM THIRD AMENDED COMPLAINT**<br><br>Case No. 2:16-cv-00805-DBB<br><br>District Judge David Barlow |

Defendant Salt Lake County (the "County") moves[1] the court to strike the eleven photographs embedded within Plaintiff's Third Amended Complaint.[2] For the reasons stated below, the court DENIES the motion.

The parties generally agree that Rules 8, 10, and 12(f) of the Federal Rules of Civil Procedure govern this dispute. Each party also acknowledges that none of these rules discuss photographs or explicitly preclude the inclusion of photographs within a pleading. Furthermore, each party acknowledges that there is no Tenth Circuit case law directly on point.

---

[1] ECF No. 167.
[2] ECF No. 164.

1

The County argues that the photographs should be stricken because it is not possible to "admit or deny the allegations" in the complaint as required by Rule 8 when the allegation is a non-verbal description.[3] Plaintiff responds that Rule 8 does not forbid attaching outside materials to a complaint, and that Rule 10 explicitly provides for an expanded category of documents that may be included with or incorporated into a pleading.[4] Furthermore, Plaintiff identifies any number of ways that the County may appropriately respond to the non-verbal allegations in the complaint.[5]

In the absence of any specific prohibition on complaints containing photographs in Rules 8 and 10 of the Federal Rules of Civil Procedure, the court turns to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff makes no argument that the photographs are redundant, impertinent, or scandalous. Plaintiff's argument as to the immateriality of the photographs is limited to the following statements: (a) "courts considering the issue find photographs immaterial because they are not allegations stating a claim, but reflect attempts to prove allegations at a time and in a manner not contemplated by the Federal Rules of Civil Procedure,"[6] and (b) "the narrow issue before the Court is whether the photographs are written instruments and, if not, should they be stricken as immaterial pursuant to Rule 12(f)."[7]

---

[3] Motion to Strike at 4, ECF No. 167.
[4] Response at 2, ECF No. 169.
[5] *Id.* at 6.
[6] Motion at 6.
[7] Reply at 4, ECF No. 178.

"Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by federal courts and are infrequently granted."[8] Here, the court finds that the County has failed to satisfy its burden to show that the embedded photographs are immaterial to the complaint and otherwise cannot be adequately responded to and DENIES the motion to strike the photographs.

IT IS FURTHER ORDERED that within thirty days, Defendant Salt Lake County must file an answer to the Third Amended Complaint.

DATED March 25, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[8] 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* Civ. § 1380 (3d ed. 2024).