THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RAMIRO MARQUEZ-DURAN,<br><br>               Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY, a Utah political subdivision; BRADLEY C. JOHNSON, an individual, and ERIC BENNETT, an individual,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [ECF NO. 168] DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:16-cv-00805-DBB<br><br>District Judge David Barlow |

      Before the court is Bradley C. Johnson ("Mr. Johnson") and Eric Bennett's ("Mr. Bennett") (together "Defendants") motion to dismiss Ramiro Marquez-Duran's ("Mr. Marquez-Duran") third amended complaint.[1] For the reasons stated below, their motion is granted.

## BACKGROUND

      On November 14, 2013, Mr. Marquez-Duran was booked into the Salt Lake County Metro Jail and placed in a cell.[2] Shortly after his arrival, officers requested that the Jail's Mobile and Critical Incident Response Team ("MCIRT") assist with Mr. Marquez-Duran.[3] Mr. Johnson and Mr. Bennett were members of the MCIRT at the time.[4]

      Mr. Marquez-Duran was pepper sprayed by officers while the MCIRT officers were on their way to his cell.[5] Mr. Marquez-Duran went to the toilet in the cell and flushed his face and

---

[1] Defendants Bradley C. Johnson and Eric Bennett's Motion to Dismiss ("Mot."), ECF No. 168, filed Jan. 16, 2024. Defendant Salt Lake County is not a party to the motion.
[2] Third Amended Complaint and Jury Demand ("TAC") ¶ 2–3, ECF No. 164, Nov. 216, 2023.
[3] *Id.* at ¶ 5–6.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 7–8.

eyes with water for about eight minutes.[6] MCIRT officers then entered his cell behind a riot shield held by Mr. Bennett and surrounded Mr. Marquez-Duran.[7] Mr. Marquez-Duran alleges that the MCIRT officers pushed him to the ground, throwing him against the toilet, the wall, or MCIRT members on the way down.[8] The MCIRT officers then placed hand and ankle shackles and a belly chain on Mr. Marquez-Duran.[9] After receiving some initial medical treatment from on-site nurses, Mr. Marquez-Duran was transported to a hospital, where he was treated for two head lacerations, a cut nose, four broken ribs, and a traumatic brain injury.[10]

Mr. Marquez-Duran, proceeding pro se, filed his first complaint against Salt Lake County and "unknown individual jail staff" on September 9, 2016 (the "Complaint").[11] He then filed an amended complaint on August 4, 2017 (the "First Amended Complaint"), naming "MCIRT" and two other individuals as defendants.[12] The court quashed service of the First Amended Complaint against MCIRT, as it was not an independent entity that could be sued.[13] Subsequently, the court found that Mr. Marquez-Duran's claims were colorable and ordered the appointment of counsel.[14]

On September 8, 2021, Mr. Marquez-Duran filed his second amended complaint (the "Second Amended Complaint"), which named as defendants Salt Lake County, Mr. Johnson, Mr. Bennett, and three other jail employees.[15] The individual defendants, including Mr. Johnson and

---

[6] *Id.* at ¶¶ 9, 13.
[7] *Id.* at ¶ 27–28.
[8] *Id.* at ¶ 30.
[9] *Id.* at ¶ 35.
[10] *Id.* at ¶ 34.
[11] Complaint ("Compl."), ECF No. 4, filed Sep. 9, 2016.
[12] Amended Complaint (" Amend. Compl."), ECF No. 18, filed Aug. 4, 2017.
[13] Memorandum Decision and Order Denying Defendant Colbert's Motion to Dismiss, ECF No. 48, filed Sep. 20, 2018.
[14] Memorandum Decision and Order, ECF No. 85, filed July 15, 2020.
[15] Second Amended Complaint and Jury Demand ("SAC"), ECF No. 101-1, filed Sep. 9, 2021.

Mr. Bennett, were served with the Second Amended Complaint on January 26, 2022.[16] These defendants filed a motion to dismiss the Second Amended Complaint because more than 90 days had elapsed between the complaint being filed and the time it was served,[17] which the court granted.[18]

In April 2023, Mr. Marquez-Duran filed a motion for leave to file his third amended complaint.[19] In October 2023, the case was transferred to the undersigned judge. In November 2023, the court granted the motion for leave to amend.[20] The Third Amended Complaint lists Salt Lake County, Mr. Johnson, and Mr. Bennett as defendants.[21] Mr. Marquez-Duran alleges that Mr. Johnson and Mr. Bennett were members of the MCIRT who harmed him in 2013.[22] These defendants have moved to dismiss Mr. Marquez-Duran's Third Amended Complaint based on the statute of limitations.[23]

## STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."[24] "In evaluating a motion to dismiss, the court must take as true all

---

[16] Summons Returned Executed as to Eric Bennett, ECF No. 122, filed Jan. 27, 2022; Summons Returned Executed as to Bradley Johnson, ECF No. 124, filed Jan. 27, 2022.
[17] Motion to Dismiss of Defendants Johnson, Bennett, St. Louis, Thorton, and Laughlin, ECF No. 128, filed Mar. 9, 2022.
[18] Memorandum Decision and Order on Motions to Dismiss, ECF No. 148, filed Mar. 31, 2023.
[19] Motion for Leave to File Third Amended Complaint and Jury Demand, ECF No. 150, filed April 27, 2023.
[20] Memorandum Decision and Order Granting Motion to Amend, ECF No. 163, filed Nov. 15, 2023.
[21] TAC 1.
[22] *Id.* at ¶ 21.
[23] Mot. 1.
[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[25]

## DISCUSSION

Defendants argue that the claims against them should be dismissed because they have been brought outside the applicable statute of limitations.[26] The court may resolve a statute of limitations defense at the motion to dismiss stage if "from the complaint, 'the dates on which the pertinent acts occurred are not in dispute.'"[27] "[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."[28]

"Congress did not provide a statute of limitations for actions brought under § 1983. Instead, a federal court looks to the law of the forum state to determine the applicable statute of limitations for a § 1983 action."[29] Claims arising out of excessive force are "presumed to have accrued when the actions actually occur."[30] Here, the parties agree that Utah's four-year statute of limitations for personal injury claims applies and began to run on November 14, 2013.[31]

---

[25] *McNellis v. Douglas Cnty. Sch. Dist.*, No. 23-1306, 2024 WL 4128804, at *4 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonald*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[26] Mot. 5.
[27] *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (quoting *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995)) ("If from the complaint, 'the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is. . . a question of law' suitable for resolution at the motion to dismiss stage.").
[28] *Carbajal v. McCann*, 808 F. App'x 620, 634 (10th Cir. 2020) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).
[29] *Id.* at 989 (citing *Arnold v. Duchesne Cnty.*, 26 F.3d 982, 983–84 (10th Cir. 1994)).
[30] *Watkins v. Craft*, 455 F. App'x 853, 855 (10th Cir. 2012) (quoting *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991)).
[31] Mot. 5; Opp. 13.

"[W]hen a plaintiff brings § 1983 claims against multiple defendants, the analysis for determining when the plaintiff's claims accrued as to each of those defendants is an individualized one."[32] Mr. Marquez-Duran must have named Mr. Johnson and Mr. Bennett as defendants on or before November 14, 2017, to avoid these claims being barred by the statute of limitations.

Mr. Marquez-Duran's Complaint and First Amended Complaint, which were filed before the statute of limitations had run, do not list Mr. Johnson and Mr. Bennett as defendants.[33] Mr. Johnson and Mr. Bennett were not named as defendants until August 2021, when Mr. Marquez-Duran's Second Amended Complaint was filed.[34] Therefore, Mr. Johnson and Mr. Bennett were not named as defendants in this matter before the four-year statute of limitations had run, and claims against them are barred unless an exception applies.[35]

Mr. Marquez-Duran offers two arguments against the statute of limitations defense. First, he argues that Defendants waived this defense "based on their conduct and participation in this litigation."[36] Second, he argues that his claims relate back to the Complaint and First Amended Complaint. The court considers each argument in turn.

**I.   Waiver**

Mr. Marquez-Duran argues that Defendants have waived the statute of limitations by failing to assert it in response to the Second Amended Complaint and by continuing "to

---

[32] *Est. of Roemer v. Johnson*, 764 F. App'x 784, 792 (10th Cir. 2019) (discussing *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018)).
[33] Compl. 1 (naming Salt Lake County and "Unknown Individual Jail Staff" as defendants); Amend. Compl. 1 (naming "MCIRT" and Sgt. Colbert as defendants).
[34] SAC 1.
[35] *See Rosales v. Ortiz*, 325 F. App'x 695, 698 (10th Cir. 2009) (Section 1983 claims are barred by the statute of limitations "unless some exception applies to extend or otherwise affect the running of the statute.").
[36] Response in Opposition to Motion to Dismiss ("Opp."), ECF No. 175, filed Mar. 8, 2024.

participate fully in discovery" after that complaint was dismissed.[37] Mr. Johnson and Mr. Bennett respond that they have not extensively participated in this case, but have "consistently pursued dismissal" of the claims brought against them.[38]

"[T]he statute of limitations defense is an affirmative defense and is subject to waiver."[39] Federal Rule of Civil Procedure 8(c) states that a party must state affirmative defenses, including statute of limitations, in response to a pleading.[40] Failure to raise a statute of limitations defense in a motion to dismiss does not preclude a party from raising it in its answer.[41]

Defendants' decision to rely only on their insufficient service of process argument in their previous motion to dismiss has not waived the statute of limitations defense. They were not required to raise the statute of limitations defense in their motion to dismiss the Second Amended Complaint and could not have waived it by failing to assert this defense in an answer, as the Second Amended Complaint was dismissed as to Mr. Johnson and Mr. Bennett.[42] Therefore, Defendants did not waive this defense.

Defendants likewise have not waived the statute of limitations defense by being deposed or responding to discovery requests. Mr. Marquez-Duran does not identify any Tenth Circuit precedent to support the proposition that litigation conduct may waive an affirmative defense.[43]

---

[37] Opp. 11.
[38] Reply 3.
[39] *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (citing *Bentley v. Cleveland Cnty. Bd. of Cnty. Comm'rs*, 41 F.3d 600, 604 (10th Cir. 1994)).
[40] Fed. R. Civ. P. 8(c).
[41] *Lawson v. Okmulgee Cnty. Crim. Just. Auth.*, 726 F. App'x 685, 692 n.3 (10th Cir. 2018) (citing *Van Tu v. Koster*, 364 F.3d 1196, 1200 (10th Cir. 2004)) ("[defendant's] failure to raise a statute of limitations defense in his motion to dismiss does not preclude him from raising it in his answer").
[42] Memorandum Decision and Order on Motion to Dismiss 19, ECF No. 148, filed Mar. 31, 2023.
[43] Mr. Marquez-Duran cites three out-of-circuit cases to support this waiver argument, each of which involved different conduct by defendants and held that different defenses were waived. *See* Opp. 12 (citing *King v. Taylor*, 694 F.3d 650, 660 (6th Cir. 2012) (defendant had waived personal jurisdiction defense by giving plaintiffs a reasonable expectation he would defend the suit on the merits after meeting with plaintiffs' counsel, filing joint

Indeed, the Tenth Circuit previously found that litigation conduct did not waive a statute of limitations defense, even where defendants engaged in litigation for more than three years.[44] Accordingly, Defendants have not waived their statute of limitations defense by being deposed or responding to discovery requests.

## II.     Relation Back

Mr. Marquez-Duran next argues that his claims are not untimely because they relate back to the Complaint and First Amended Complaint.[45] He argues that Mr. Johnson and Mr. Bennett knew or should have known about these complaints and that the claims would have been brought against them but for a mistake concerning their identities.[46] Defendants respond that the Third Amended Complaint does not relate back because they did not know, and should not have known, about the case or that they should have been named as parties.[47]

Federal Rule of Civil Procedure 15(c) provides that "an amendment that adds a new party relates back to the complaint when the party to be brought in by amendment '(1) received such notice of the action such that it will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'"[48] "Rule 15(c)(1)(C)(ii) asks what the prospective

---

report, participating fully in discovery on the merits, moving to amend the scheduling order, attending a status conference); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (defendants waived jurisdictional defense by participating in lengthy discovery, filing motions, and opposing motions for over two years); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701–02 (6th Cir. 1978) (personal jurisdiction defense was waived).
[44] *Robertson v. IHC Health Servs.*, No. 22-4046, 2023 WL 4618346, at *11 (10th Cir. 2023).
[45] Opp. 13.
[46] *Id.* at 13–15.
[47] Reply 9.
[48] *Bell v. City of Topeka, KS*, 279 F. App'x 689, 692 (10th Cir. 2008) (quoting Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii)).

7

*defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint."[49]

The "substitution of named defendants for the original unknown 'John Doe' defendants amount[s] to adding a new party. . . Thus, all requirements of Rule 15(c)(3) must be met in order for [plaintiff's] amended pleadings to relate back to the date of the original."[50] "[A] 'plaintiff's designation of an unknown defendant. . . in the original complaint is not a formal defect of the type [the rule] was meant to address,' and a later amendment that specifically names that defendant does not relate back to the original complaint."[51]

Here, Mr. Marquez-Duran's substitution of Mr. Johnson and Mr. Bennett for the unknown jail staff named in the Complaint or MCIRT in the First Amended Complaint amounts to adding a new party.[52] Therefore, the requirements of Rule 15(c)(3) must be met for the Second or Third Amended Complaints to relate back to the earlier complaints. Mr. Marquez-Duran argues that Defendants received notice of his lawsuit in 2016 because their employer at the time was a named defendant.[53] He also argues that Defendants would have received actual or constructive notice of the lawsuit when the First Amended Complaint added MCIRT as a defendant.[54]

It is not clear that Defendants knew or should have known, before November 14, 2017, that Mr. Marquez-Duran had filed a lawsuit.[55] But even if the court assumes that Mr. Johnson

---

[49] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (italics in original).
[50] *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (internal citations omitted) (claims did not relate back where plaintiff substituted named defendants for "John Doe" defendants representing correctional officers).
[51] *Id.* at 697.
[52] *Id.* at 696.
[53] Opp. 14.
[54] *Id.*
[55] Defendants state that they were first made aware of Mr. Marquez-Duran's lawsuit in January 2022. *See* Reply 2. Mr. Marquez-Duran argues that the court cannot resolve this factual issue at this stage. *See* Opp. 18. Because there is no basis for finding that Defendants were or should have been on notice that the claims should have been brought against them, it is unnecessary for the court to make a determination on this issue. The court also declines

and Mr. Bennett were aware of Mr. Marquez-Duran's claims during the limitations period, there is no indication that either the Complaint or the First Amended Complaint would have put them on notice that the claims should have been brought against them. The Complaint names Salt Lake County and unknown jail staff as defendants, which does not put Mr. Johnson and Mr. Bennett on notice that the claims should have been brought against them, but for a mistake about their identity.[56] And the First Amended Complaint lists other individuals without naming Mr. Johnson or Mr. Bennett.[57]

      Mr. Marquez-Duran also argues that Defendants should have known of his claims when the First Amended Complaint added MCIRT as a defendant.[58] But naming an employer as a defendant does not put individual employees on notice that, but for a mistake in their identity, the action would have been brought against them.[59] Even if naming MCIRT as a defendant was meant to identify the officers working on that team, this still amounts to naming unidentified officers as defendants, so a later complaint naming Mr. Johnson and Mr. Bennett does not relate back to the earlier complaint. Therefore, the Second and Third Amended Complaints do not relate back to the Complaint or the First Amended Complaint, and the claims asserted in the Third Amended Complaint are time barred.

---

Defendants' request that the court construe their motion as a motion for summary judgment, as looking outside the pleadings is not necessary to resolve the relation-back issue. *See* Reply 11.

[56] *Garrett*, 362 F.3d at 696 (amended complaints did not relate back where officers were named in place of John Doe defendants).

[57] Amend. Compl. 1.

[58] Mr. Marquez-Duran cites *Dorsey v. St. Joseph County Jail Officials*, 910 F. Supp. 1343 (N.D. Ind. 1996), to support his proposition that "MCIRT" was meant to encompass Defendants. *See* Opp. 16. There, the district court applied Seventh Circuit case law to hold that the originally omitted defendants, named as jail officials, should have known they would have been named but for plaintiff's mistake. Listing "MCIRT" does not give similar notice or show that Mr. Johnson and Mr. Bennett knew or should have known about this case.

[59] *See Trujillo v. City & Cnty. of Denver*, No. 14-CV-02798-RBJ-MEH, 2016 WL 5791208, at *8 (D. Colo. 2016) (holding that possible "talk around the jail about the suit," with nothing else showing that the added defendants knew of the suit, was insufficient to put added defendants on notice).

The statute of limitations on Mr. Marquez-Duran's claims expired on November 14, 2017. The claims brought against Defendants after that time are therefore time barred. Defendants did not waive their statute of limitations defense, and the claims asserted against them do not relate back to the earlier complaints. Accordingly, Defendants' motion to dismiss Mr. Marquez-Duran's claims based on the statute of limitations is granted.

## ORDER

Defendants' motion to dismiss is hereby GRANTED.[60]

Signed June 3, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[60] ECF No. 168.